RECEIPT # _____
AMOUNT $150  rec'd 4-9-04
SUMMONS ISSUED Y-3
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE 4-9-04

## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| PAUL W. GREGORY, **Plaintiff** | CIVIL ACTION NO. 04-10719-GAO |
| vs. | COMPLAINT |
| NICKALOS GULAKOS., VOICE DISTRIBUTORS, INC. and TELECOM EXPRESS, INC. **Defendants** | |

March 31, 2004

Plaintiff, Paul W. Gregory, complains against the defendants as follows:

### JURISDICTION AND VENUE

1. Jurisdiction of this action is proper in this Court under the provisions of Section 27 of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §78aa.

2. Venue is proper in this District under the provisions of both Section 27 of the Exchange Act, 15 U.S.C. §78aa, and 28 U.S.C. §1391(a), inasmuch as the actions and events giving rise to the claims set forth herein occurred in this District.

### THE PARTIES

3. Plaintiff Paul W. Gregory is an individual who is, and at all times relevant hereto was, a resident of the Town of Marblehead, County of Essex, Massachusetts.

4. Defendant Nicholas Gulakos ("Gulakos") is an individual who is, and at all time relevant hereto was, a resident of the City of Medford, County of Middlesex, Massachusetts.

5. Defendant Voice Distributors, Inc. is a corporation, organized under the laws of the Commonwealth of Massachusetts, whose principal offices are located at 151 Mystic Avenue, Medford, Massachusetts 02155.

6. Defendant Telecom Express, Inc. ("Telecom Express") is a corporation, organized under the laws of the Commonwealth of Massachusetts, whose principal offices are also located at 151 Mystic Avenue, Medford, Massachusetts 02155.

**FACTUAL ALLEGATIONS**

7. From April 1995 until August 2000 the Plaintiff was engaged in the business of marketing, selling and distributing prepaid phone cards, ultimately through a wholly-owned Massachusetts corporation organized in January 1998 and named New England Telecom, Inc. ("New England Telecom"). In August of 2000 the Plaintiff sold the New England Telecom business to Cellular Technical Services Company, Inc., a publicly-held Delaware corporation ("CTS").

8. For several years prior to April 2001 Gulakos had also been engaged in the prepaid-phone-card business, commencing in January 2000 through Telecom Express, which was and, upon information and belief, still is owned or controlled by him.

9. In April 2001, following extensive discussions between him and the Plaintiff, Gulakos agreed to issue to the Plaintiff a one-half interest in what was to be a new corporation, subsequently organized in the Commonwealth of Massachusetts on May 22, 2001 and named Voice Distributors, Inc. ("Voice Distributors"), in consideration of the Plaintiff's contribution of $15,000 to the capital of the new corporation and his making available to it his industry expertise (in vendor relations and negotiations and in sales and marketing and the management and administration of a sizable prepaid-phone-card distributor), his broad array of industry contacts and relationships (including a crucially

-2-

important distribution agreement with the distributor affiliate (STI) of a prepaid-phone-card carrier named Telco Group, Inc. upon which at least the initial Voice Distributors business was to be based) and his excellent industry reputation.

10. Based upon his purported concern over the possible effect upon Voice Distributors of a dispute that had arisen between the Plaintiff and CTS over the sale to CTS of the New England Telecom business, Gulakos induced the Plaintiff to conceal his one-half ownership interest in Voice Distributors and to allow said interest to be held in Gulakos' name. As a result, although the Plaintiff had acquired and beneficially owned one-half of the outstanding shares of Voice Distributors' capital stock, Gulakos appeared as that company's sole shareholder of record. Gulakos intentionally concealed from the Plaintiff his true intentions, which were to defraud the Plaintiff by ultimately denying the existence of the two parties' agreement concerning the allocation of the Voice Distributors shares.

11. During the course of the approximately two-year period between May 2001 and April 2003 Voice Distributors enjoyed rapidly increasing revenues and profits. Specifically, in 2001 the company's revenues and profits amounted to $2,796,000 and $98,000, respectively; in 2002 the company's revenues and profits amounted to $16,756,000 and $481,000, respectively; and the Plaintiff estimates (based upon all of the information available to him) that in 2003 the company's revenues and profits amounted to approximately $21,000,000 and $1,000,000 respectively. Based upon the information available to him, the Plaintiff believes that since January 2004 the revenues and profits of Voice Distributors have continued to enjoy healthy growth.

12. By late 2002 the Plaintiff had decided that it was appropriate that the Voice Distributors shares beneficially owned by him be transferred into his name in the

corporate records, and he asked Gulakos that said action be taken. On April 26, 2003, after months of foot-dragging in response to the Plaintiff's request, Gulakos abruptly informed the Plaintiff that he was terminating the Plaintiff's connection with Voice Distributors and would thereafter be taking the position that the Plaintiff had never in fact owned any of that company's outstanding shares.

13. Based upon the information available to him, the Plaintiff believes that reasonable grounds exist for concluding that a significant portion of the revenues and profits generated by or fairly allocable to the business of Voice Distributors has been diverted by Gulakos to Telecom Express.

### FIRST CAUSE OF ACTION: FEDERAL SECURITIES FRAUD

14. The Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13.

15. The misrepresentations and omissions engaged in by Gulakos and set forth in Paragraphs 9 and 10 violated the provisions of Section 10(b) of the Exchange Act, 15 U.S.C. §78j(b), and Rule 10b-5 of the Securities And Exchange Commission, 17 C.F.R. 240.10b-5, thereunder.

### SECOND CAUSE OF ACTION: MASSACHUSETTS SECURITIES FRAUD

16. The Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13.

17. The misrepresentations and omissions engaged in by Gulakos and set forth in Paragraphs 9 and 10 violated the provisions of Section 410(a)(2) of the Massachusetts Uniform Securities Act, M.G.L. Ch. 110A §410(a)(2).

### THIRD CAUSE OF ACTION: COMMON LAW DECEIT

18. The Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13.

19. The misrepresentations and omissions engaged in by Gulakos and set forth in Paragraphs 9 and 10 constitute the tort of deceit, as established in the common law of the Commonwealth of Massachusetts

### FOURTH CAUSE OF ACTION: M.G.L. CHAPTER 93A

20. The Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13.

21. The misrepresentations and omissions engaged in by Gulakos and set forth in Paragraphs 9 and 10, and the willful breach by Gulakos of his agreement with the Plaintiff described in Paragraph 12, constitute "unfair or deceptive acts and practices" of the kind which have been declared unlawful by M.G.L. Chapter 93A and the rules and regulations promulgated thereunder

### FIFTH CAUSE OF ACTION: BREACH OF CONTRACT

22. The Plaintiff repeats and incorporates by reference herein Paragraphs 1 through 13.

23. The willful breach by Gulakos of his agreement with the Plaintiff described in Paragraph 12 constitutes breach of contract under the common law of the Commonwealth of Massachusetts.

### PRAYER FOR RELIEF

Wherefore, the Plaintiff requests a judgment in his favor as follows:

(1) Ordering the provision to the Plaintiff by the defendants, pursuant to such procedures as the Court may deem appropriate, of a full and fair accounting of all of the

revenues and profits earned by or fairly allocable to Voice Distributors from the inception of that company to the date of said accounting;

(2) Ordering the payment to the Plaintiff by the defendants (as and to the extent appropriate in each case) of compensatory damages in an appropriate amount, to compensate the Plaintiff for that portion of the profits earned by or fairly allocable to Voice Distributors of which the Plaintiff has been unlawfully deprived;

(3) Ordering the payment by the defendants (as and to the extent appropriate in each case) of the additional damages provided for by the provisions of Massachusetts General Laws Chapter 93A;

(4) Ordering the issuance or transfer to the Plaintiff of shares of the capital stock of Voice Distributors representing a one-half ownership interest in that company;

(5) Ordering the payment by the defendants (as and to the extent appropriate in each case) to the Plaintiff of the costs of this action, including reasonable attorneys' fees; and

(6) Ordering such further relief as the Court may deem proper in the circumstances.

Donal B. Barrett
11 Pleasant Street
Dover, MA 02030
(B.B.O.# 030560)
(508-785-1618)
(Fax: 785-1305)

Dated: March 31, 2004